```
                                                          FILED
```

1  Brian P. Kinder (212332)
   THE KINDER LAW GROUP, APC            2014 OCT -9  PM 3: 30
2  19200 Von Karman Avenue, Fourth Floor
   Irvine, California 92612              CLERK U.S. DISTRICT COURT
3  Telephone:  (949) 216-3070            CENTRAL DIST. OF CALIF.
   Facsimile:  (949) 216-3074                    SANTA ANA
4  Email:      bkinder@tklglaw.com       BY:_____

5  Attorneys for Plaintiffs

6

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                     SANTA ANA DIVISION

11                    SACV 14 - 01644 CJC (RNBx)

12 | GSK Trade LLC, a Nevada limited   ) Case No.:
   | liability company; and Obchtchestvo s ) Judge:
13 | Ogranitchennoy   Otvetstvennostyou ) Dept.:
   | Grichko, a Russian limited liability )
14 | company,                            ) COMPLAINT FOR:
                                         )
15 |         Plaintiffs,                 ) 1) DECLARATORY JUDGMENT
                                         )    RE NON-INFRINGEMENT;
16 |   vs.                               ) 2) UNFAIR COMPETITION;
                                         ) 3) INTENTIONAL INTERFERENCE
17 | I. M. Wilson Inc., a Pennsylvania   )    WITH CONTRACTUAL
   | corporation; and DOES 1 through 10, )    RELATIONS; AND
18 | inclusive,                          ) 3) INTENTIONAL INTERFERENCE
                                         )    WITH PROSPECTIVE
19 |         Defendants.                 )    ECONOMIC ADVANTAGE.
                                         )
20                                       )
                                         ) **DEMAND FOR JURY TRIAL**.
21

22
       Plaintiffs GSK Trade LLC and Obchtchestvo s Ogranitchennoy
23
   Otvetstvennostyou Grichko (hereinafter collectively referred to as "Plaintiffs")
24
   hereby complain and allege as follows:
25
                     **JURISDICTION AND VENUE**
26
       1.     This action arises under and this Court has subject matter jurisdiction
27
   pursuant to 28 U.S.C. § 2201 (declaratory judgment), 15 U.S.C. § 1121
28
   (trademarks), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a)

1 (trademarks), and 28 U.S.C. § 1338 (b) (unfair competition).

2. This Court also has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. §1332(a), in that this is an action between citizens of different states and the amount in controversy exceeds $ 75,000, exclusive of interests and costs.

3. This Court has supplemental jurisdiction over Plaintiffs' causes of action for unfair competition and interference with contractual relations under 28 U.S.C. § 1367.

4. Venue is proper in this judicial district because this action arises out of the transaction of business and other activities of Defendants within the Central District of California. Plaintiffs are informed and believe that Defendant regularly conducts and solicits business, engages in other forms of conduct, and derives substantial revenue from doing business in this judicial district. Moreover, a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district because, in part, a significant part of Defendant's acts giving rise to the causes of action were directed specifically to Plaintiffs' customers who are located in this district. Accordingly, venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2).

## THE PARTIES

5. Plaintiff GSK Trade LLC is, and at all times relevant hereto was, a limited liability company organized under the laws of Nevada with a principal place of business in the State of California.

6. Plaintiff Obchtchestvo s Ogranitchennoy Otvetstvennostyou Grichko is, and at all times relevant hereto was, a limited liability company organized under the laws of, authorized to do business in, and doing business in the Russian Federation with a principal place of business in the Russian Federation.

///



1

COMPLAINT

7. Plaintiffs are informed and believe, and based upon such information and belief allege that Defendant I. M. Wilson Inc. is, and at all times relevant hereto was, a corporation organized under the laws of, authorized to do business in, and doing business in the State of Pennsylvania with a principal place of business in the State of Pennsylvania.

8. The true names and capacities of Doe Defendants 1 through 10, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiffs who therefore sue these Defendants by such fictitious names. Plaintiffs will seek leave of this court to amend this complaint to show the true names and capacities of such Doe Defendants when such true names have been ascertained.

9. Plaintiffs are informed and believe, and based upon such information and belief allege, that each of the Defendants named herein as Does 1 through 10, inclusive, were, and are, in some manner responsible for the actions, acts, and omissions alleged, and for the damage caused by the remaining Defendants, and are therefore jointly and severally liable for the damages caused to Plaintiffs.

10. Plaintiffs are informed and believe, and based upon such information and belief allege, that at all times Defendants, and each of them, were the agents, employees and officers of each of the remaining Defendants, and in doing the things alleged, were acting within the scope, course and purpose of such agency or employment, or within the apparent scope of such agency or employment, and with the permission and consent of each of the remaining Defendants.

11. Whenever appearing in this complaint, each and every reference to Defendant, is intended to be and shall be a reference to all Defendants, and to each of them, named and unnamed, including all fictitiously named Defendants.

///
///
///
///


THE KINDER LAW GROUP
A Professional Corporation

2

COMPLAINT

# FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. Plaintiff GSK Trade LLC and Plaintiff Obchtchestvo s Ogranitchennoy Otvetstvennostyou Grichko were both founded and are managed by an individual who is famous in the ballet industry by the name of Mr. Nicolay Grishko ("Nicolay"). Nicolay is the Managing Member of Plaintiff GSK Trade LLC and Plaintiff GSK Trade LLC acts as the exclusive licensee of Plaintiff Obchtchestvo s Ogranitchennoy Otvetstvennostyou Grichko in the North American region.

13. By way of background, in the early 1980's, Nicolay created a line of ballet shoes in Russia which were branded under his surname GRISHKO. In or around the early 1990's, Nicolay entered into a business arrangement with Irene Wilson ("Irene") - the founder of Defendant I.M. Wilson, Inc.

14. From the inception of the relationship, Nicolay and Irene enjoyed a mutually beneficial relationship whereby Nicolay (through his various legal entities) supplied Irene (through her various legal entities) with GRISHKO brand ballet products on an exclusive basis.

15. In view of their mutually-beneficial business arrangement, it was in or around 1992 when Nicolay signed a document permitting Irene (through Defendant I.M. Wilson, Inc.) to seek registration of the GRISHKO brand name before the U.S. Patent and Trademark Office for "dancing shoes.". Those efforts resulted in Defendant I.M. Wilson, Inc. obtaining U.S. Trademark Reg. No. 1,807,637 for the mark GRISHKO (hereinafter "The '637 Registration").

16. In or around 2004, Defendant I.M. Wilson, Inc. failed to maintain The '637 Registration upon which time the U.S. Patent and Trademark Office cancelled the same. Despite Defendant I.M. Wilson, Inc. failing to maintain The '637 Registration, Nicolay continued to supply Defendant I.M. Wilson, Inc. with GRISHKO brand ballet shoes. The arrangement continues to this date.

///

///



1   17.   In or around 2009, Nicolay decided to launch a line of ballet footwear
2   and apparel in North America under a brand separate from GRISHKO.
3   Accordingly, on or about December 24, 2009, Nicolay – through Plaintiff
4   Obchtchestvo s Ogranitchennoy Otvetstvennostyou Grichko filed an application in
5   Russia to register the GSK logo depicted below:



11   18.   On or about March 23, 2010, Plaintiff Obchtchestvo s Ogranitchennoy
12   Otvetstvennostyou Grichko requested an extension of protection in the United States
13   for the GSK Logo.  The U.S. Patent and Trademark Office approved extension of
14   protection for the GSK Logo and assigned U.S. Trademark Reg. No. 3,960,796
15   (hereinafter "The '796 Registration").  A true and correct copy of the Certificate of
16   Registration for The '796 Registration is attached as **Exhibit A**.  The '796
17   Registration enjoys a registration date of May 17, 2011, and covers the following
18   goods and services:

- "Clothing for ballet, dance and gymnastics, namely, shirts, pants, underwear, skirts, dresses; footwear for ballet, dance and gymnastics, namely, shoes; headgear for ballet, dance and gymnastics, namely, hats and caps; points, namely, ballet slippers, in Class 25; and
- Sales promotion for third parties in the fields of clothing, footwear, headgear for ballet, dance, gymnastics, points, namely, ballet slippers; Wholesale and retail store services featuring clothing, footwear, headgear for ballet, dance, gymnastics, points, namely, ballet slippers; Mail order catalog services featuring clothing, footwear, headgear for ballet, dance, gymnastics, points, namely, ballet slippers; Providing a

searchable on-line advertising website and informational guide featuring the goods and services of other vendors via the Internet in the fields of clothing, footwear, headgear for ballet, dance, gymnastics, points, namely, ballet slippers; Demonstration of goods and services by electronic means, also for the benefit of the so-called teleshopping and homeshopping services, in Class 35."

19. It was after Plaintiff Obchtchestvo s Ogranitchennoy Otvetstvennostyou Grichko obtained The '796 Registration for the GSK Logo with the U.S. Patent and Trademark Office that it appointed Plaintiff GSK Trade LLC as the exclusive agent in North America for the GSK brand.

20. GSK Trade LLC has entered into contractual relations with one or more third parties located in this judicial district for the sale of ballet products under and in connection with the GSK Logo. For reasons unknown to Plaintiffs, and unexpressed in advance by Defendant I.M. Wilson, Inc., in or around September 2014, Defendant I.M. Wilson, Inc. sent a letter to a customer of Plaintiff GSK Trade LLC located in this judicial district. Defendant's letter alleged that ballet products bearing the GSK Logo infringed on trademark rights held by Defendant I.M. Wilson, Inc. Further, Defendant's letter asserted that if the customer were to sell any of Plaintiffs' GSK branded ballet products, then the customer would be liable to Defendant for contributory trademark infringement.

21. Following receipt of the letter from Defendant I.M. Wilson, Inc., Plaintiffs' customer has postponed taking delivery of GSK branded ballet products until such time that Defendant I.M. Wilson, Inc. and Plaintiffs resolve the dispute.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment – Non-Infringement)

22. Plaintiff hereby realleges and incorporates herein by reference the above paragraphs 1 through 21, inclusive, as set forth above.



5

COMPLAINT

23. As alleged above, Plaintiffs own and have exclusive rights in and to a valid and existing U.S. Trademark Registration for the GSK Logo for use in connection with, among numerous other things, ballet clothing and footwear.

24. Defendant alleges that Plaintiff's GSK Logo when used in connection with ballet products infringes Defendant's purported trademark rights. Plaintiffs assert that the GSK Logo when used on ballet products does not infringe on any rights of Defendant. Accordingly, a case or controversy exists.

25. Plaintiffs believe to be entitled to use the GSK Logo under the trademark laws in connection with the marketing of Plaintiff's goods and/or services.

26. Plaintiffs submit that consumers are not likely to be misled, deceived and/or confused by the simultaneous use of the GSK Logo by Plaintiffs on and in connection with ballet products and any trademark rights Defendant's may have in connection with ballet products.

27. Plaintiffs submit that Defendant's threatened suit for trademark infringement and/or contributory trademark infringement is without basis and seeks a declaration that no likelihood of confusion exists.

28. Defendant's statements and conduct demonstrate that an actual case or controversy exists between the parties. By reason thereof, Plaintiffs are entitled to a binding declaration clarifying the parties' rights and declaring that Plaintiffs' use of the GSK Logo on or in connection with, among other things, ballet products, does not infringe any right Defendant may have.

## **SECOND CAUSE OF ACTION**
### **(Unfair Competition)**

29. Plaintiffs hereby reallege and incorporate herein by reference the above paragraphs 1 through 28, inclusive, as set forth above.

/ / /



COMPLAINT

30. Plaintiffs assert that Defendants have engaged in deceitful, deceptive, unfair, and/or unlawful practices which have caused Plaintiffs to suffer actual injury.

31. The foregoing conduct of Defendants constitutes unfair business practices and/or unfair competition under California Business and Professions Code section 17200 et. seq.

32. Such acts are "unfair" within the meaning of California Business & Professions Code § 17200 because they offend public policy and are immoral, unethical, oppressive and unscrupulous; and this harm far outweighs any utility of the conduct to Defendants.

33. As a direct and proximate result of the above-described unlawful, fraudulent, unfair, and deceptive acts of Defendants, and the facts herein alleged, Plaintiffs have suffered, and will continue to suffer, economic losses in an amount to be proven at trial, but which are in excess of the jurisdictional limits of this court.

34. Plaintiffs also seek to enjoin Defendants from proceeding with the above-described unlawful, fraudulent, unfair, and deceptive conduct.

35. Plaintiffs also seek an order that Defendants restore to the general public all funds acquired by said unlawful, fraudulent, unfair, and deceptive acts.

36. Plaintiffs have no adequate remedy at law to protect themselves from Defendants' pervasive unfair, fraudulent and unlawful business practices.

37. Granting injunctive relief will protect Plaintiffs. Defendants, by the conduct described herein, have treated Plaintiffs and others unfairly and will continue to do so unless enjoined. Defendants, by the conduct described herein, have engaged in unfair, unlawful and fraudulent business practices. Injunctive relief will bar Defendants from future exploitation of Plaintiffs and others, and future violations of California law.

38. Plaintiffs seek injunctive relief prohibiting Defendants' continued violation of the above-described unlawful conduct which constitutes an unfair business practice. Pursuant to Section 17203 of California Business and Professions

Code, Plaintiffs seek restitutionary relief and/or disgorgement of Defendants' profits, if any, gained through their unlawful and unfair business practices.

## THIRD CAUSE OF ACTION

### (Intentional Interference With Contractual Relations)

39. Plaintiffs hereby reallege and incorporate herein by reference the above paragraphs 1 through 38, inclusive, as set forth above.

40. Plaintiffs are informed and believe and thereon allege that Defendant has engaged in intentional acts designed to disrupt Plaintiff's contractual relationships by, among other things, contacting one or more third party customers and demanding that they cease doing business with Plaintiff at the risk of legal retaliation.

41. Plaintiffs are informed and believe and thereon allege that the acts of Defendant have interfered with Plaintiffs' economic relationships with third parties.

42. Plaintiffs are informed and believe and thereon allege that Defendant knew of the above-described economic relationships existing between Plaintiff and the third party relationships that are alleged to have been disrupted.

43. As a result of the acts alleged above which were designed by Defendant to disrupt Plaintiffs' economic benefit, Plaintiffs were damaged by being impaired in obtaining profits from the sales of goods and services to the third parties.

44. As a direct and proximate result of Defendant's misrepresentations, actions and/or bad faith conduct, Plaintiffs have sustained significant damages in an amount according to proof at trial.

45. Plaintiffs further allege that the acts of Defendant alleged above were willful, wanton, fraudulent, malicious, and oppressive, and therefore justify an award of exemplary and punitive damages.

///

///



8

COMPLAINT

## FOURTH CAUSE OF ACTION

**(Intentional Interference With Prospective Economic Advantage)**

46. Plaintiffs hereby reallege and incorporate herein by reference the above paragraphs 1 through 45, inclusive, as set forth above.

47. Plaintiffs are informed and believe and thereon allege that Defendant has engaged in intentional acts designed to disrupt Plaintiffs' potential contractual relationships by, among other things, contacting one or more third parties and demanding that they not undertake business with Plaintiffs at the risk of financial retaliation.

48. Plaintiffs are informed and believe and thereon allege that the acts of Defendant have interfered with Plaintiff's potential economic relationships with third parties.

49. Plaintiffs are informed and believe and thereon allege that Defendant knew of the above-described potential economic relationships existing between Plaintiff and third parties.

50. As a result of the acts alleged above, Plaintiffs' have been damaged in that Plaintiffs have been impaired in obtaining profits from the potential economic relationships.

51. As a direct and proximate result of Defendant's misrepresentations, actions and/or bad faith conduct, Plaintiffs have sustained significant damages in an amount according to proof.

52. Plaintiffs further allege that the acts of Defendant alleged above were willful, wanton, fraudulent, malicious, and oppressive, and therefore justify an award of exemplary and punitive damages.

/ / /
/ / /
/ / /
/ / /



9

COMPLAINT

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, and each of them, to the extent authorized by law, as follows:

1. That Plaintiffs' requests for relief be granted;

2. That the court enter judgment against Defendants and in favor of Plaintiffs in all respects;

3. For general, incidental, compensatory and consequential damages according to proof at trial, but in no event less than the jurisdictional minimum of this Court.

4. For a judicial determination and declaration clarifying the parties' rights and declaring that Plaintiffs have not infringed upon any trademark right of Defendants;

5. That this Court enter an Order declaring that Plaintiffs use of the GSK Logo does not violate Defendants' rights under the trademark laws of the United States;

6. For a judicial determination and declaration clarifying the parties' rights and declaring that Plaintiffs are not bound by any non-compete between the parties;

7. That this Court enter an Order declaring that any non-compete between the parties is void and/or unenforceable;

8. For injunctive relief as requested herein;

9. For costs of suit herein;

10. For pre-judgment interest at the legal rate; and

11. That this Court award Plaintiffs their attorney's fees, costs, and expenses in this action pursuant to 15 U.S.C. Section 117 or as otherwise provided by law or equity; and

/ / /

/ / /

/ / /



COMPLAINT

12. That this Court grant such other and further relief as it may deem just, equitable and proper.

Respectfully submitted,

Dated: October 7, 2014        THE KINDER LAW GROUP, APC

By: _____
Brian P. Kinder, Esq.
Attorney for Plaintiffs
and Counterdefendants

# **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury of all issues triable by jury.

Respectfully submitted,

Dated: October 7, 2014   THE KINDER LAW GROUP, APC

By: _____
Brian P. Kinder, Esq.
Attorney for Plaintiffs
and Counterdefendants

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

GSK Trade LLC, a Nevada limited liability company; and Obchtchestvo s Ogranitchennoy Otvetstvennostyou Grichko, a Russian limited liability company

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

I. M. Wilson Inc., a Pennsylvania corporation

**(b) County of Residence of First Listed Plaintiff**   Orange
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed Defendant** _____
(IN U.S. PLAINTIFF CASES ONLY)

**(c) Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

Brian P. Kinder, Esq.
THE KINDER LAW GROUP, APC
19200 Von Karman Avenue, Fourth Floor, Irvine, California 92612
(949) 216-3070

**Attorneys** (*Firm Name, Address and Telephone Number*) If you are representing yourself, provide the same information.

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 75,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Declaratory Judgment (28 U.S.C. § 2201) re Non-Infringement of Trademark (15 U.S.C. §§ 1052, et seq.); unfair competition; intentional interference with contract

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☒ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

---

**FOR OFFICE USE ONLY:**   Case Number:  SACV14-01644 CJC (RNBx)

CV-71 (06/14)                                          CIVIL COVER SHEET                                          Page 1 of 3


COPY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE**: Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right  ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right  ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br>☐ Yes  ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>check one of the boxes to the right  ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>check one of the boxes to the right  ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | **A.**<br>Orange County | **B.**<br>Riverside or San Bernardino County | **C.**<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☒ | ☐ | ☐ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☐ |

| **D.1.** Is there at least one answer in Column A?<br>☒ Yes  ☐ No<br>If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right.  ➡ | **D.2.** Is there at least one answer in Column B?<br>☐ Yes  ☐ No<br>If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below.  ⬇ |
|---|---|

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above:  ➡ | SOUTHERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes | ☒ No |

| CV-71 (06/14) | CIVIL COVER SHEET | Page 2 of 3 |
|---|---|---|

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**? ☒ NO ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court**? ☒ NO ☐ YES

If yes, list case number(s):

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** /Brian P. Kinder    DATE: October 9, 2014

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |